PER CURIAM.
The Department appeals from a temporary restraining order entered by the circuit court in a statutory proceeding instituted by the Department to enforce its final administrative order directing defendant Whitfield to remedy asserted deficiencies in Whitfield’s water system, serving a number of Calhoun County residents. Section 403.-860(4), Florida Statutes (1979). On Whitfield's application the circuit court temporarily restrained the Department
from releasing public press releases that may relate to the water system owned by defendant or from distributing such information directly or indirectly to defendant’s customers until further Order of this Court, except that this shall not prevent Plaintiff from contacting Defendant’s customers for the proper preparation of this cause by Plaintiff:
Except for the conclusory statement that “irreparable harm would result” to Whitfield were his motion for temporary restraining order not granted, the order makes no finding of fact or conclusion of law suggesting the necessity or propriety of enjoining this public agency, having general supervisory responsibilities, from uttering information which Section 403.857, Florida Statutes (1979) requires be given to the consuming public concerning its water supply. Although defendant Whitfield asserts that his water system is exempt from Department supervision, that claim is not elaborated; nor does Whitfield suggest why the Department’s unappealed order to the contrary is subject to collateral attack in the circuit court. See Section 120.69(5), Florida Statutes (1979); State ex rel Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). The temporary restraining order is
REVERSED. Although a petition for rehearing may be timely filed, this judgment shall have effect immediately. The Department’s motion for attorney’s fees is DENIED.
ROBERT P. SMITH, Jr., ERVIN and WENTWORTH, JJ., concur.